The Honorable Jerry Don Ramey Prosecuting Attorney Fifteenth Judicial District P.O. Box 381 Dardanelle, AR 72834
Dear Mr. Ramey:
You have requested an Attorney General opinion concerning the following statement in Attorney General Opinion No. 95-243: "[I]t is ethically impermissible for a designated city attorney to represent defendants in criminal proceedings before the circuit courts of his judicial district or juveniles before the juvenile courts of his judicial district. . . ."[1] With regard to this statement, you have asked:
 Does the term "judicial district," as used in Attorney General Opinion No. 95-243, mean the city limits of the designated city attorney, the county limits of the designated city attorney within that county, or the judicial district of the county within which the individual is a city attorney?
It is my opinion that the term "judicial district," as used in Attorney General Opinion No. 95-243, should be interpreted to refer to the judicial district of the county within which the individual is a city attorney. That is, the term should be understood not to be limited to the city limits of the city attorney's city, or county limits of the county within which the city attorney's city lies. Rather, it should be understood to encompass the entire area served by the circuit court in question.
I base this conclusion on the fact that the question that was presented in the request for Opinion No. 95-243 explicitly referred to such an area. More specifically, the question presented in the request for that opinion asked whether it is was ethically permissible for a designated city attorney to represent criminal defendants in "the Circuit and Juvenile Court within the 19th Judicial District." It was in response to that request that Opinion No. 95-243 stated: "[I]t is ethically impermissible for a designated city attorney to represent defendants in criminal proceedings before the circuit courts of his judicial district or juveniles before the juvenile courts of his judicial district, whether or not he also prosecutes appeals of city misdemeanors before the circuit court." This answer can reasonably be understood to respond directly to the question that was presented, referring to the same matters that were referred to in the question. One such matter was the 19th Judicial District. The 19th Judicial District encompasses both Benton and Carroll Counties. See A.C.A. § 16-13-2701. Therefore, when Opinion No.95-243 responded to the question of whether city attorneys could represent criminal defendants in the Circuit and Juvenile Court of "the 19th Judicial District," it referred to an area that extended beyond the county lines of the county within which the city attorney's city lay.
Moreover, the ethical reasoning that would prevent a city attorney from representing criminal defendants in his own city or county would apply equally to prevent him from representing criminal defendants in a court outside those limits, if it is a court in which he handles prosecutions. A designated city attorney could quite conceivably handle prosecutions in circuit or juvenile courts that lie outside his city or county limits.See A.C.A. § 16-21-150; Op. Att'y Gen. No. 95-235. Under the reasoning employed in Opinion No. 95-243, he would be ethically prohibited, for that reason, from representing criminal defendants in those courts, regardless of the fact that those courts happen to lie outside his city or county limits.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] Your request quoted the opinion as referring to "jurisdictional" districts, rather than "judicial" districts. The opinion actually referred to "judicial" districts. For that reason, I will rephrase your question to refer to "judicial" districts.